UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| MFALME EL BEY, <br><br> Plaintiff, <br><br> v. <br><br> SECRETARY OF HOUSING AND URBAN DEVELOPMENT, <br><br> Defendant. | Case No. 25-cv-1212-JPG |

### MEMORANDUM AND ORDER

This matter comes before the Court on plaintiff Mfalme El Bey's motion to vacate (Doc. 11) the Court's September 2, 2025, order and judgment (Docs. 8 & 9) dismissing this case without prejudice for lack of prosecution. In his motion, El Bey explains that, through no fault of his own, postal service errors prevented him from receiving and responding to the defendant's motion to dismiss (Doc. 5) and the Court's order to show cause (Doc. 6). The defendant has not responded to the motion to vacate the dismissal and reinstate this case.

Federal Rule of Civil Procedure 60(b)(1) allows the Court to vacate a judgment because of excusable neglect. Whether something amounts to excusable neglect is an equitable inquiry that should take into account all relevant circumstances surrounding the party's prior omissions. *United States v. Brown*, 133 F.3d 993, 996 (7th Cir. 1998) (citing *Pioneer Invest. Servs. Co. v. Brunswick Assocs.*, 507 U.S. 380, 395 (1993)). The Court will consider such factors as the reason for the default, whether it was within the movant's control, the danger of prejudice to the nonmovant, and the interests of efficient judicial administration. *Brown*, 133 F.3d at 996.

Since the plaintiff acted in good faith and was not responsible for his failure to receive mail, it would be unfair to saddle him with the consequences of his failure to respond. Further, it

would not unduly prejudice the defendant to reopen this case for a decision on the merits and to allow the plaintiff to respond to the defendant's motion to dismiss. Accordingly, the Court finds excusable neglect justifies vacating the decision in this case.

The Court therefore:

- **GRANTS** the plaintiff's motion to vacate (Doc. 11);
- **VACATES** the order and judgment in this case (Docs. 8 & 9);
- **REOPENS** this case;
- **REINSTATES** the defendant's motion to dismiss (Doc. 5); and
- **ORDERS** that the plaintiff shall have 30 days from entry of this order to respond to that motion.

**IT IS SO ORDERED.**
**DATED: November 18, 2025**

s/ J. Phil Gilbert
**J. PHIL GILBERT**
**DISTRICT JUDGE**