UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| MFALME EL BEY,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>SECRETARY OF HOUSING AND URBAN DEVELOPMENT,<br><br>　　　　Defendant. | Case No. 25-cv-1212-JPG |

**MEMORANDUM AND ORDER**

　　This matter comes before the Court on the Court's December 29, 2025, order for plaintiff Mfalme El Bey to show cause why the Court should not construe his failure to timely respond to the motion to dismiss filed by the defendant Secretary of Housing and Urban Development (Doc. 5) as an admission of the merits of the motion and dismiss his claim against the defendant (Doc. 6). His response was due January 23, 2026. The Court warned El Bey that if he failed to respond to the show cause order, the Court might dismiss this action for lack of prosecution pursuant to Federal Rule of Civil Procedure 41(b) and the Court's inherent authority to manage its docket. *See In re Bluestein & Co.*, 68 F.3d 1022, 1025 (7th Cir. 1995).

　　This was the second time the Court ordered El-Bey to show cause for failing to respond to the Secretary's motion. He failed to respond to the earlier show cause order as well, so the Court dismissed the case without prejudice for lack of prosecution and its inherent authority to manage its docket (Docs. 8 & 9). When El-Bey produced some evidence suggesting his failure to respond was because the U.S. Postal Service was not delivering his mail, the Court vacated its order of dismissal, reinstated the case, and set a new deadline to respond to the Secretary's motion to dismiss. The currently pending order to show cause was in response to El-Bey's

failure to meet that extended deadline.  Since El-Bey brought the mail problem to the Court's attention, no document has been returned to the Court as unable to be delivered.

El-Bey has not responded to the Court's order to show cause.  In light of this failure, as it warned it would do, the Court will dismiss this case.  This time it will do so with prejudice because El-Bey has had ample opportunity to present his arguments to the Court and has instead failed to timely respond to the Secretary's motion (twice) and to Court orders (twice).  He has failed to display the most basic duties of a plaintiff wishing to pursue litigation in this Court.  Under these circumstances, dismissal with prejudice is appropriate.

Accordingly, the Court **DISMISSES** this case **with prejudice** pursuant to Federal Rule of Civil Procedure 41(b) for lack of prosecution and for failure to obey a court order and under the Court's inherent authority and **DIRECTS** the Clerk of Court to enter judgment accordingly.

**IT IS SO ORDERED.**
**DATED:  January 30, 2026**

                                                    s/ J. Phil Gilbert
                                                  **J. PHIL GILBERT**
                                                  **DISTRICT JUDGE**